# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE KEENAN, an individual,<br><br>                              Plaintiff,<br>v.<br>COX COMMUNICATIONS; and DANIEL MARTINEZ, an individual,<br><br>                              Defendants. | Case No.: 18cv129-MMA (JMA)<br><br>**ORDER DENYING DEFENDANT DANIEL MARTINEZ'S MOTION TO DISMISS**<br><br>[Doc. No. 14] |

      On December 15, 2017, Plaintiff Lonnie "Dale" Keenan ("Plaintiff") filed a Complaint in San Diego Superior Court against Cox Communications California, LLC ("Cox") and Daniel Martinez ("Martinez"). *See* Doc. No. 1-2. Defendants subsequently removed the action to federal court based on diversity jurisdiction. *See* Doc. No. 1. Plaintiff asserts several causes of action against Cox, and one cause of action against Martinez for violations of California Labor Code Section 970. *See* Doc. No. 1-2. On April 2, 2018, Martinez filed a Motion to Dismiss the Section 970 claim against him pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). *See* Doc. No. 9. On April 23, 2018, Plaintiff filed a First Amended Complaint ("FAC"), alleging the same causes of action as in his original Complaint. *See* Doc. No. 12. Martinez now moves to dismiss Plaintiff's Section 970 claim against him pursuant to Rule 12(b)(6). *See* Doc.

No. 14. Plaintiff filed an opposition, to which Martinez replied. *See* Doc. Nos. 21, 23. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 24. For the reasons set forth below, the Court **DENIES** Martinez's motion to dismiss.

## BACKGROUND

Plaintiff Lonnie Keenan lived in San Diego County from October 2015 until May 2017, while employed by Cox in a sales role. *See* FAC ¶¶ 1-2. Prior to October 2015, Plaintiff resided in Florida where he held a position with major cable provider Comcast. *See id.* ¶ 7. Cox, a large cable provider, is a Delaware corporation with its headquarters in Atlanta, Georgia. *See id.* ¶ 2. Martinez worked for Cox as a "Director of Sales" during Plaintiff's employment with Cox. *Id.* ¶ 3. As Director of Sales, Martinez supervised sales managers, including Plaintiff. *See id.*

In August 2015, Plaintiff interviewed for a position with Cox which would require him to move from Florida to San Diego, California. *See id.* ¶¶ 7, 9. Martinez conducted the interview and offered to hire Plaintiff as a "Senior Account Executive" in Cox's San Diego office. *Id.* ¶ 7. Plaintiff alleges that between August and September 2015, Martinez and another Cox employee contacted Plaintiff on several occasions to discuss the position and encourage Plaintiff to accept Cox's offer. *See id.* ¶ 8. Plaintiff alleges that during these conversations, Martinez described Cox's "lucrative" commission plan, explained its differences from Comcast's commission structure, and represented to Plaintiff that he would earn more money under Cox's plan. *Id.* Martinez also allegedly promised Plaintiff a certain number of "protected" sales accounts, from which all sales revenue would be credited to Plaintiff. *Id.* Plaintiff alleges that Martinez either knew his representations regarding commissions and protected accounts were false or "intentionally did not disclose material terms bearing upon [Plaintiff's] compensation calculation." *Id.* ¶ 28.1. Plaintiff alleges that based on these representations, he left his position with Comcast in Florida in October 2015 and moved to San Diego to work for Cox. *See id.* ¶ 28.2. Plaintiff further alleges that Martinez acted as Cox's agent during

the recruiting process. *See id.* ¶ 8.

When Plaintiff received a more detailed description of his commission plan after commencing employment, the plan allegedly differed materially from Martinez's representations. *See id.* ¶ 12. Throughout Plaintiff's employment, Cox allegedly failed to credit Plaintiff for sales made by other employees to Plaintiff's "protected" sales accounts, contrary to Martinez's assurances. *See id.* ¶ 14. Without credits from the protected sales accounts, Plaintiff did not meet his sales quotas. *See id.* ¶ 17. In April 2017, Cox issued Plaintiff a written warning regarding his sales performance. *See id.* ¶ 18. Cox eventually terminated Plaintiff's employment on May 18, 2017. *Id.* Based on the foregoing allegations, Plaintiff commenced the instant action.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper where the complaint fails to set forth a "cognizable legal theory," or where there is "an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form

of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee*, 250 F.3d at 688. "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Although a court should freely grant leave to amend when dismissing a complaint, "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

## DISCUSSION

Plaintiff asserts claims against both Cox and Martinez pursuant to California Labor Code Section 970, which proscribes misrepresenting a job to induce a person's relocation for employment. *See* Cal. Lab. Code § 970. The parties' dispute centers on who may be held liable for violations of Section 970. Martinez moves to dismiss Plaintiff's Section 970 claim, arguing that Plaintiff has failed to set forth a cognizable legal theory against him because only employers may be held liable under Section 970—not supervisors. *See* Doc. No. 14-1 at 2. Martinez contends that an individual may be liable under Section 970 only if the individual is also an employer.[1] *See id.* at 6. Plaintiff, in opposition, contends that non-employer individuals are personally liable for Sections 970 violations,

---

[1] Although Martinez repeats this contention throughout his filings, Martinez acknowledges that Section 970 claims "are intended to be brought against an employee's employer *or a corporate officer thereof* . . . ." *See id.* at 5-6 (emphasis added).

pursuant to Section 972, when they act as *agents* of an employer. See Doc. No. 21 at 4. Plaintiff points to the language of the statutes, particularly Sections 971 and 972, but cites no cases finding non-employer individuals liable under Section 970. *See id.*

The threshold issue of who may be liable under Section 970 presents a question of statutory construction. As in all such cases, the Court must begin its analysis with the language of the statute. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Section 970 provides in relevant part:

> No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either: (a) The kind, character, or existence of such work; (b) The length of time such work will last, or the compensation therefor . . . .

Cal. Lab. Code § 970(a)-(b). Sections 971 and 972 address criminal and civil liability for violations of Section 970. *See* Cal. Lab. Code §§ 971, 972. Pursuant to Section 971, "[a]ny person, or agent or officer thereof, who violates Section 970 is guilty of a misdemeanor . . . ." Cal. Lab. Code § 971. Section 972 states that "any person, or agent or officer thereof who violates any provision of section 970 is liable to the party aggrieved, in a civil action, for double damages resulting from such misrepresentations." Cal. Lab. Code § 972. The California Supreme Court advises that when interpreting a statute, a court's primary task is to discern the legislature's intent, which is most reliably indicated by assigning the statue's words their "usual and ordinary meanings, and construing them in context."[2] *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1190 (2006). Where the statute's words themselves are not ambiguous, the Court

---

[2] "Federal Courts analyzing California statutes apply California's principles of statutory construction." *Zaman v. Kelly Servs., Inc.*, No. 15-CV-04601-HRL, 2017 WL 106322, at *3 (N.D. Cal. Jan. 11, 2017).

"presume[s] the Legislature meant what it said, and the statute's plain meaning governs." *Id.*

Here, the plain language of Section 970 provides that no "person, or *agent* or officer" may induce another to relocate to California based on misrepresentations. Cal. Lab. Code § 970 (emphasis added). Indeed, Martinez acknowledges that plaintiffs may bring a Section 970 claim "against an employee's employer *or a corporate officer thereof.*" *See* Doc. No. 14-1 at 5-6 (emphasis added). Martinez does not point to anything in the statutory language which suggests an intent to treat an employer's agent differently than its officers for liability purposes. *See* Doc. Nos. 14-1, 23. The Court likewise does not find any indication in the text of the statute that the California legislature intended to distinguish between agents and officers in this respect. Further, at least one district court has found an employer's agent may be liable under Section 970. *See Rodriguez v. SGLC, Inc.*, No. 2:08-CV-01971, 2012 WL 5704403, at *16 (E.D. Cal. Nov. 15, 2012) (denying motion for summary judgment where the parties disputed the existence of an agency relationship because "an agent may be liable under Section 970"). Importantly, Plaintiff has alleged Martinez acted as Cox's agent when he made the alleged misrepresentations in violation of Section 970.[3] *See* FAC ¶ 28.1.

Moreover, the language of Section 972 does not, on its face, exclude a supervisory employee who acts as an employer's agent from the category of "agents" subject to liability for their violations of Section 970. *See* Cal. Lab. Code §§ 970, 972. Martinez acknowledges that "there are no published opinions specifically holding that supervisors cannot be held individually liable under Section 970," and instead analogizes to statutory and common law causes of action "with the same or similar purpose or intent as Section 970," which California courts have found inapplicable to individual supervisors. Doc. No. 14-1 at 6. While supervisors may be exempt from liability under other statutes, the

---

[3] The existence of an agency relationship is a question of fact, *see Thayer v. Pac. Elec. Ry. Co.*, 55 Cal. 2d 430, 438 (1961), and Martinez does not challenge the factual sufficiency of Plaintiff's claim in his motion, only its legal sufficiency. *See* Doc. No. 14-1.

Court is aware of at least three cases in which a Section 970 claim proceeded against an individual agent. *See Schoenfelder v. Corr. Corp. of America*, No. 3:14-CV-01275, 2014 WL 4273272, at *2 (S.D. Cal. Aug. 28, 2014); *Rodriguez*, 2012 WL 5704403, at *10-11, 16; *Moncada v. MED3000*, No. 2:09-CV-03221, Doc. No. 16 (C.D. Cal. June 29, 2009).

      In *Rodriguez*, the plaintiffs asserted various claims, including violations of Section 970, against several defendants, including Islands, Inc., a corporation, and Thomas Hester, an individual alleged to have some "control over the laborers' employment[.]" 2012 WL 5704403, at *10. Hester's relationship to the plaintiffs was allegedly supervisory in nature; the plaintiffs alleged that Hester's role included monitoring and directing the execution of plaintiffs' work. *See id.* at *8. Notably, the court addressed the issue of Hester's liability as an individual agent of Islands, Inc., concluding that Hester acted as the corporation's agent, and not as the corporation itself. *Id.* at *11. This conclusion led the court to grant Hester's motion for summary judgment as to plaintiffs' breach of contract claim, because the plaintiffs offered no "evidence that Hester was acting other than in his professional capacity as an officer or agent for Islands." *Id*. However, the court denied the motion as to the plaintiffs' Section 970 claim against "Islands and Hester," concluding that it could not find as a matter of law that defendants were not liable for "violations of section 970 of the California Labor Code." *Id.* at 15, 16.

      Additionally, in *Schoenfelder*, the plaintiff commenced an action under Section 970 in state court against his former employer, Corrections Corporation of America ("CCA") and individual defendant Fred Lawrence. 2014 WL 4273272, at *2. The plaintiff alleged that Lawrence was "an employee of CCA" and "was Plaintiff's supervisor at all times relevant in this complaint." *Schoenfelder*, No. 3:14-CV-01275, Doc. No. 1-1 ¶ 6 (S.D. Cal. May 22, 2014). The defendants filed a Notice of Removal asserting that the plaintiff, a California citizen, joined Lawrence, also a California citizen, as a "sham defendant" to destroy diversity jurisdiction. *Schoenfelder*, 2014 WL 4273272, at *2. In considering the plaintiff's subsequent motion to remand, the district

court observed that a defendant's presence would be ignored for purposes of diversity pursuant to the doctrine of fraudulent joinder when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* The district court found that the plaintiff had not obviously failed to state a claim against individual supervisor Lawrence and granted the plaintiff's motion to remand, thereby permitting the Section 970 to proceed in state court. *Id.* at 3.

Further, the court considered a similar issue in *Moncada*, where the plaintiff asserted a Section 970 claim against corporate defendant Med3000 and individual defendant Lynn Haas, a manager at Med3000, whose citizenship would have precluded diversity jurisdiction. No. 2:09-CV-0322, Doc. No. 16 at 2 (C.D. Cal. June 29, 2009). The defendants argued Haas was fraudulently joined to destroy diversity, asserting that an individual cannot be liable under Section 970. *See id.* at 4. However, the court disagreed, observing that "§ 970 on its face appears to authorize individual liability," and that, as in the instant action, defendant "provide[d] no authority that contradicts this plain reading of the statute." *Id.* at 4. Thus, the court found that the parties were not diverse and remanded the action to state court. *See id.* at 5.

Accordingly, while Martinez raises valid policy arguments for protecting supervisors from individual liability under Section 970, no court has yet adopted this reasoning. In considering the plain language of the statute, and the three cases referenced above, the Court cannot conclude at this early stage of the proceedings that Plaintiff fails to allege a cognizable legal theory against Martinez.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Martinez's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 17, 2018

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge